IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FIBRE CORPORATION, TRIMEN WOOD
PRODUCTS, LLC, DONALD COX, &
ORVAL GRAY                                                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 5:04cv170-DCB-JMR

GSO AMERICA, INC., GSO HOLDING,
LLC, GSO MISSISSIPPI, LLC, LaTex
ORGANIC, LLC, & HOPE AGRI
PRODUCTS, INC.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiffs' Motion in Limine [**docket entry no. 78**] and the defendants' Motion in Limine [**docket entry no. 79**]. Having reviewed the motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

The facts of this case, which are primarily based around a breach of contract action involving a failed purchase of a mulch processing plant, are presented in the Court's previous order dated December 8, 2005 [docket entry no. 89]. The Court will, however, re-identify who the individual defendants are to this action.[1] As of November 4, 2002, GSO America, Inc. and its related companies (collectively, the "GSO defendants") owned the cypress processing facility at issue in this case. Hope Agri Products, through its

---

[1] The plaintiffs may generally be referred to collectively. Where it is necessary to distinguish between them, the Court will do so.

subsidiary company, LaTex Organic (collectively, "Hope Agri"), eventually purchased the facility from the GSO defendants. The impetus of this action is the GSO defendants' sale of the cypress plant to Hope Agri instead of to the plaintiffs.

In previous orders, the defendants were granted summary judgment all counts except for the plaintiffs' claims of tortious interference with prospective business relationship or contract, negligent misrepresentation, and promissory estoppel/detrimental reliance. See Orders dated December 8, 2005 and Mary 1, 2006 [docket entry nos. 89 & 96].

## DISCUSSION

### I. Plaintiffs' Motion in Limine

The plaintiffs seek a motion in limine to limit the production of any evidence at trial regarding the fact that one of the plaintiffs, Donald Cox,[2] had been involved in a failed lawn and garden business prior to his seeking to purchase the cypress plant from the GSO defendants. While the reason or reasons for that business' failure are in dispute,[3] it is not disputed that the

---

[2] Donald Cox was the primary negotiator for Fibre Corporation in the failed attempt to buy the plant from the GSO defendants.

[3] Donald Cox testified that the business shut down due to "bad health, old age, and the inability to get . . . employees that [he] would have desired to have there." Depo. of Donald Cox, at 85. During a later deposition, defense counsel again questioned Cox about the business closure and suggested that the sole reason for the closure was the failure to pay rent and a subsequent conviction. Cox denied this and insisted that there were numerous reasons for the store's closing, including continuous thefts and

business was evicted from the premises on which it was located. The plaintiffs contend that the fact that one of Donald Cox's other enterprises failed would be irrelevant to the determination of any issues involved in this suit. They further contend that the evidence should be excluded under Federal Rule of Evidence 403 because it would act to confuse the jury and create unfair prejudice against the plaintiffs.

The defendants counter that an important issue in this case, involving an interference with prospective contract claim, is whether or not the plaintiffs would have been able to consummate the deal in the absence of the alleged interference from Hope Agri. They argue that evidence that Donald Cox had a business that previously failed is relevant to that issue inasmuch as it is indicative of his business acumen.

Despite the defendants' claims, there is a definite distinction between the ability to <u>purchase</u> a business and the ability to <u>operate</u> that entity effectively. The fact that Donald Cox may have failed at operating an earlier lawn and garden business does not show *ipso facto* that he could not have purchased the cypress plant at issue in this action. However, the defendants also claim that it "is certainly relevant to Plaintiffs' claims of financial ability to close [on the contract for the sale of the plant] to know that Mr. Cox was party to a failing business and

---

burglaries.

evicted from his business premises." Def. Response to Motion in Limine, at 1. This would be so only if Donald Cox was going to be the primary financier of the purchase of the cypress plant[4] <u>and</u> only if the lawn and garden business failed because Donald Cox lacked the resources to support it[5] <u>and</u> only if that business' failure was close enough in time to the attempt to purchase the cypress plant to be indicative of the state of Donald Cox's finances. These predicate considerations have not been shown by the defense at this time.

Inasmuch as it is not yet clear whether evidence regarding Cox's prior failed lawn and garden business is or is not relevant to this action, the plaintiff's motion in limine will be denied. The Court will, however, hear evidence on an offer of proof before the defendants will be allowed to introduce that evidence at trial.

**II. Defendants' Motion in Limine**

From the initiation of this suit in June 2004 until November 1, 2005, the GSO defendants and Hope Agri were represented by the

---

[4] It is unclear whether Donald Cox was merely a negotiator on behalf of the other plaintiffs in this suit or if he was also a financial backer for the deal.

[5] The fact that the <u>business</u> may have lacked the financial resources to stay afloat does not necessarily show the state of <u>Donald Cox</u>'s wealth. Cox may have had ample money to put into the business and simply decided he did not wish to invest any more into it. Of course, if there was evidence that Cox had put everything he had into the failed business, then that failure could conceivably be probative of the state of his finances at the time the plaintiffs sought to purchase the cypress plant. The defendants, however, have not set forth such evidence.

same counsel.  The defendants file the instant motion in limine to have all evidence of that concurrent representation prohibited from introduction to the jury at trial.  They claim that such evidence would be irrelevant to any issue in the case, as well as prejudicial to the defendants.  The plaintiffs counter that their claims are based upon the premise that the GSO defendants and Hope Agri "conspired together in order to improperly defeat the sale of the Natchez facility to the plaintiffs."  They contend that evidence that the two defendants engaged the same counsel to defend the action is probative of that conspiracy inasmuch as it shows a continued coordination of efforts between those parties.

   The fact that Hope Agri and the GSO defendants retained the same counsel <u>after</u> the alleged events giving rise to this action took place is not relevant to the remaining claims.  The Court has dismissed the plaintiffs' claims of conspiracy and related claims, leaving only claims of negligent misrepresentation, promissory estoppel and tortious interference with a potential contract.[6]  Thus, the defendants' motion in limine shall be granted.  The plaintiffs will be prohibited from arguing to the jurors that they should draw an inference of cooperation between Hope Agri and the GSO defendants because they retained the same counsel after the lawsuit began.  If, at trial, the plaintiffs believe that the

---

[6] The plaintiffs' response to the defendants' motion in limine was made before the Court's ruling which dismissed their conspiracy claims.

Court's ruling would inhibit the introduction of certain evidence, then the movants are free to request guidance from the Court as to how best to proceed.[7]

## CONCLUSION

As set forth above, both the plaintiffs' and the defendants' motions in limine are well-taken and shall be granted. Accordingly,

IT IS HEREBY ORDERED that the the plaintiffs' Motion in Limine [**docket entry no. 78**] is **DENIED;**

IT IS FURTHER ORDERED that the defendants' Motion in Limine [**docket entry no. 79**] is **GRANTED;**

SO ORDERED, this the   30th   day of June, 2006.


                                    s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE

---

[7] The plaintiffs seem to argue that, if the Court sustains the defendants' motion in limine, introduction of evidence garnered through discovery overseen by the defendants' joint counsel may be inhibited. See Pl. Response to Motion in Limine, at 2.  It should be noted that the Court is concerned with prohibiting argument to the jury, urging jurors to draw an adverse inference from the concurrent representation.  The possibility that the jury might happen to learn about the joint representation inadvertently through introduction of otherwise relevant evidence is a matter best left to trial on the merits.