IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FIBRE CORPORATION, TRIMEN WOOD
PRODUCTS, LLC, DONALD COX, &
ORVAL GRAY                                                    PLAINTIFFS

VERSUS                          CIVIL ACTION NO. 5:04cv170-DCB-JMR

GSO AMERICA, INC., GSO HOLDING,
LLC, GSO MISSISSIPPI, LLC, LaTex
ORGANIC, LLC, & HOPE AGRI
PRODUCTS, INC.                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the plaintiffs' Objection to Defendants' Bill of Costs [**docket entry no. 107**]. Having reviewed the Objection, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

**GENERAL FACTUAL AND PROCEDURAL HISTORY**

This matter came on for trial August 15-16, 2006.[1] At the conclusion of the plaintiffs' case in chief, Defendants LaTex Organic and Hope Agri Products moved for judgment as a matter of law.[2] The Court granted the defendants' Rule 50 motion, and on August 31, 2006, a final judgment was entered taxing costs to the plaintiffs pursuant to Federal Rule of Civil Procedure 54. (See docket entry no. 104.) Plaintiffs now object to several items

---

[1] For a full account of the facts of this case, see docket entry no. 89; 2005 WL 3338658 (S.D. Miss. December 8, 2005).

[2] The GSO companies settled with Plaintiffs prior to trial.

listed in the defendants' Bill of Costs.[3] These objections can be categorized into three classes: (1) costs incurred during the depositions of the plaintiffs, (2) costs incurred during the depositions of five fact witnesses, and (3) a $50.00 witness fee paid to Kenneth Vidrine for attendance at his deposition.

## DISCUSSION

### I. Costs of the Depositions

Federal Rule of Civil Procedure 54 provides that the prevailing party should ordinarily be awarded costs as a matter of course. Section 1920 of Title 28 of the Unites States Code defines "costs" as used in Rule 54. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Deposition costs are recoverable so long as "it could reasonably be expected that [at the time the deposition was taken, the] deposition would be used for trial preparation." Fogleman v. Arabian Am. Oil Co., 920 F.2d 278, 285 (5th Cir. 1991). Costs of "reasonably necessary" depositions may be included in the Bill of Costs even though the deposition was not used at trial or in any motion to the Court. Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999); Fogleman, 920 F.2d at 285.

Plaintiffs urge that the "costs incurred from the depositions of [the plaintiffs] were merely for convenience purposes only, or

---

[3]The defendants claim $4,133.12 in costs. The plaintiffs object to $3,530.08 of the total bill.

at most preparation purposes, and are not recoverable." (Objection to Bill of Costs, 2.)  Plaintiffs rely on Fogleman, supra, in support of this contention.  The pertinent section of Fogleman states, "[A] deposition **copy** obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs." Id. at 285.  The right to take an opposing party's deposition is more than a mere convenience.  In today's legal environment, one would be hard pressed to find a civil defense attorney wishing to try a case without first deposing the plaintiffs.  See Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982) (finding that costs of deposing all six plaintiffs were taxable even though only two of the depositions were used at trial).  Since deposing a party is reasonably necessary for trial preparation, the costs pertaining to the plaintiffs' depositions should be taxed to the plaintiffs.

In regards to the five fact witnesses, the plaintiffs argue that the deposition costs should be disallowed because the depositions were taken at the insistence of GSO, not Hope Agri or LaTex.  Typically, where a witness is slated to testify at trial, his deposition is considered reasonably necessary. Allen, 665 F.2d at 697.  Moreover, a prevailing party is entitled to obtain the costs incurred incident to the taking of a deposition even if another party actually noticed the deposition. J.T. Gibbons, Inc. v. Crawford Fitting Co., 760 F.2d 613, 616 (5th Cir. 1985) (holding

that trial court properly awarded costs for copies of depositions even though the depositions were noticed by the unsuccessful party); Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth., 133 F.R.D. 481, 484 (E.D. La. 1990).  It is therefore irrelevant whether GSO noticed the depositions or whether Hope Agri or LaTex noticed the depositions.  So long as the costs were actually incurred by Hope Agri and LaTex,[4] they are recoverable.  Since all five fact-witnesses deposed were listed as "will testify by deposition" in the pretrial order,[5] and the plaintiffs failed to show any improper billing, the deposition costs are properly taxable to the plaintiffs.

Lastly, the plaintiffs argue that the $50.00 witness fee paid to Kenneth Vidrine for attendance at his deposition was improper and should not be taxed.  Title 28 U.S.C. § 1821(b) provides that a deposition witness may be paid a $40.00 attendance fee, plus a fee "for the time necessarily occupied in going to and returning from the place of attendance."  Certainly a $10.00 fee for

---

[4]The plaintiffs have not provided the Court with any proof indicating that the claimed deposition costs were incurred by GSO rather than Hope Agri or LaTex.  The unsuccessful litigant has the burden of showing that a deposition should not be taxed as a cost. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 1995 WL 813691, at *3 (N.D. Tex. October 17, 1995).

[5]One witness, Mr. William Dickey, was slated to testify live at trial; however, Mr. Dickey was unable to attend the trial due to complications from cancer.  The parties deposed Mr. Dickey one week before trial with the understanding that the deposition would be admissible.

traveling to and from a deposition is reasonable.  As such, the plaintiffs' objection to the payment of Vidrine's witness fee is without merit.  Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Objection to Defendants' Bill of Costs [**docket entry no. 107**] is **DENIED**.

IT IS FURTHER ORDERED that the defendants are awarded $4,133.12 pursuant to Federal Rule of Civil Procedure 54.

SO ORDERED, this the 27th day of November, 2006.

```
                                    S/DAVID BRAMLETTE
                                    UNITED STATES DISTRICT JUDGE
```